UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | NO. 5:11-CR-00061-JLQ-1 |
|---|---|
| Plaintiff, | NO. 2:11-CR-00687-JLQ-1 |
| | NO. 5:12-CR-00043-JLQ |
| v. | NO. 5:16-CV-01507-JLQ |
| | NO. 5:16-CV-01508-JLQ |
| JAMES MICHAEL BARCLAY, | NO. 5:16-CV-01509-JLQ |
| Defendant. | ORDER RE: MOTION TO VACATE |

BEFORE THE COURT is Defendant Barclay's *pro se* Motion under U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (ECF No. 218) ("Motion"). Defendant seeks to vacate his conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) under Cause Number 5:12-CR-00043-JLQ.

Defendant bases his Motion on the Supreme Court decision in *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), which held the "residual clause" of the Armed Career Criminal Act's ("ACCA") definition of "crime of violence" in 18 U.S.C. § 924(e)(2) void for vagueness. Defendant asserts his possession of a firearm in furtherance of a drug trafficking crime is unconstitutionally vague because the statute of conviction contains a similar definition of "crime of violence" as that in *Johnson*.

## I. Background

On June 4, 2012, Defendant pled guilty to: Theft of Government Property (Cause No. 11-CR-00687); Manufacture of Marijuana; Possession of a Machinegun; Felon in

ORDER - 1

Possession of a Firearm (Cause No. 11-CR-00061-JLQ-1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Cause No. 12-CR-00043). On August 28, 2012, the court sentenced Defendant to 108 months incarceration on all counts except for the 924(c) firearm offense wherein Defendant received a mandatory minimum 60 month sentence consecutive to the 108 month sentence. Defendant appealed the sentence imposed on the 924(c) offense, but did not appeal the conviction. *See* (ECF No. 37). He later withdrew his appeal. *See* (ECF No. 56).

## II. Discussion

18 U.S.C. § 924 makes it a crime for any person who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The statute requires a five year minimum sentence and such sentence must run consecutive to any other sentences. *See* 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(D)(ii). For the purposes of the statute, "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). The statute defines "crime of violence" as "an offense that is a felony and-- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

In *Johnson*, the Supreme Court considered whether "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (also known as the "residual clause") in 18 U.S.C. § 924(e)(2) was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555. For a defendant with three qualifying convictions, the ACCA increases the mandatory minimum period of incarceration to 15 years which is above the otherwise applicable statutory maximum. *See* 18 U.S.C. § 924(e)(1). Although the residual clause

ORDER - 2

had been upheld by four prior decisions, in *Johnson*, the Supreme Court found the residual clause was void for vagueness. In finding the residual clause of the ACCA void for vagueness, the Supreme Court also stated other laws containing "substantial risk," "grave risk," and "unreasonable risk" were not automatically void for vagueness based on the holding in *Johnson*. *See* (*id*. at 2561).

In this matter, Defendant was charged with "Possession of a Firearm in Furtherance of a **Drug Trafficking Crime**." (ECF No. 1) (emphasis added). The Information further identified the drug trafficking crime as "manufacture of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii)" as charged under Cause Number 11-CR-00061-JLQ. *See* (ECF No. 1 at 1-2). Defendant pled guilty to the 18 U.S.C. § 924(c) charge in the Information alleging possession of a firearm during a drug trafficking crime. There was no evidence Defendant possessed a firearm in furtherance of a crime of violence nor was he charged with such. *See, e.g.*, (ECF No. 1); (ECF No. 8); (ECF No. 32).

Defendant's Motion cites to an opinion from the Eastern District of California which applied *Johnson* to 18 U.S.C. § 924(c). *See U.S. v. Thongsouk Theng Lattanaphom*, 159 F. Supp. 3d 1157 (E.D. Cal. 2016). There, the defendant was charged with "use of a firearm during a crime of violence." (*Id*. at 1159). The court evaluated *Johnson*, found it applied to 18 U.S.C. § 924(c)(3), and dismissed the firearm charge. *See* (*id*. at 1161-64).

*Lattanaphom* is factually different from the matter *sub judice*. The district court in *Lattanaphom* did not consider or address whether the definition of "drug trafficking crime" was void for vagueness. Additionally, in *Johnson*, the Supreme Court made clear its holding only affected the residual clause of 18 U.S.C. § 924(e)(1) and did not touch the remainder of the Armed Career Criminal Act's definition of violent felony. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [Armed Career Criminal Act] to the four enumerated offenses, or the remainder of the [Armed Career Criminal Act's] definition of violent felony").

ORDER - 3

Defendant's possession of a firearm during a drug trafficking crime conviction did not charge or rely on the residual clause or any portion of the "crime of violence" definition either in 18 U.S.C. § 924(c) or § 924(e). His conviction rests upon the definition of "drug trafficking offense" which Defendant does not challenge as being unconstitutional. Accordingly, *Johnson* provides the Defendant no relief. For these reasons, the Motion is Denied.

**IT IS HEREBY ORDERED**:

The Motion To Vacate, etc. (ECF No. 218) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel for the Government and to Defendant Barclay.

Dated March 27, 2017.

                    s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE